[Cite as *State v. Brunner*, 2014-Ohio-5519.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| KENNETH RAYMOND BRUNNER | : | Case No. 2014CA00019 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |



CHARACTER OF PROCEEDING:        Appeal from the Court of Common
                                Pleas, Case No. 2013CR0338



JUDGMENT:                       Affirmed



DATE OF JUDGMENT:               December 15, 2014



APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

JOHN D. FERRERO                         WAYNE E. GRAHAM, JR.
Prosecuting Attorney                    4450 Belden Village Street, NW
By: RONALD MARK CALDWELL                Suite 703
110 Central Plaza South, Suite 510      Canton, OH  44718
Canton, OH  44702-1413

*Farmer, J.*

{¶1} On March 5, 2013, the Stark County Grand Jury indicted appellant, Kenneth Raymond Brunner, on one count of rape in violation of R.C. 2907.02(A)(2). Said charge arose from an incident involving a friend of his, Shyla Harper.

{¶2} A jury trial commenced on January 14, 2014. The jury found appellant guilty as charged. By judgment entry filed January 30, 2014, the trial court sentenced appellant to six years in prison.

{¶3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶4} "APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

II

{¶5} "OTHER ERRORS WERE COMMITTED AT TRIAL NOT RAISED HEREIN BUT APPARENT ON THE RECORD."

I

{¶6} Appellant claim his conviction was against the sufficiency and manifest weight of the evidence as there was inconsistent testimony and a lack of credible eyewitness testimony and physical evidence. We disagree.

{¶7} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks,* 61 Ohio St.3d 259 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have

found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia,* 443 U.S. 307 (1979). On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175 (1st Dist.1983). See also, *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶8} We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison,* 49 Ohio St.3d 182 (1990). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997-Ohio-260.

{¶9} Appellant was convicted of one count of rape in violation of R.C. 2907.02(A)(2) which states: "No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force."

{¶10} As defined in R.C. 2907.01(A), "sexual conduct" means:

[V]aginal intercourse between a male and female; anal intercourse,

fellatio, and cunnilingus between persons regardless of sex; and, without

privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse.

{¶11}  Ms. Harper claimed appellant forced her at knifepoint to perform fellatio on him. Vol. 1 T. at 210-214. Appellant denied any sexual conduct other than hugging Ms. Harper. Vol. 2 T. at 123. The evidence presented to the jury was the usual "he said, she said" description of the incident.

{¶12}  Both appellant and Ms. Harper agree as to the events leading up to the incident. Appellant and Ms. Harper were friends. Vol. 1 T. at 201; Vol. 2 T. at 121. Ms. Harper called appellant to see if he wanted to "hang out" at "First Friday." Vol. 1 T. at 203; Vol. 2 T. at 122. After they met up, they decided to go to the cemetery behind the McKinley Monument because it was nice out and the cemetery was "nice" and "quiet." Vol. 1 T. at 202-203; Vol. 2 T. at 124-125. Ms. Harper testified appellant then forced her to perform fellatio on him, describing his actions as follows (Vol. 1 T. at 209-210 and 211-212, respectively):

And sitting there I am really focused on my phone my feet in the creek just relaxing. He gets up behind me. He sits down. I'm thinking he's going to try to comfort me. I am like this is a little too close for comfort. So I am getting ready to tell him like, you know, back up just a little. And I feel a knife on my neck, I feel something sharp on my neck. I

automatically grab for it. And he has got it pressed up against my neck. I'm like this isn't funny. This is not cool. You need to move this away from my neck. He just put more pressure on it. He tells me it is not a joke.

***

He pulled out his penis and he demanded that I give him oral. I asked him if he had any STD's. I asked him if there was anything else I could do, if I could just use my hands. I wound up giving him oral. I remember crying a lot.

I remember trying to just get it over with as quickly as possible. I knew that I couldn't get away from him. I knew that he was stronger than me.

{¶13} Appellant denied threatening or forcing Ms. Harper to engage in oral sex. Vol. 2 T. at 127. Appellant claimed because his girlfriend was Christian and Ms. Harper's boyfriend lived out-of-state, they had a mutual sexual agreement between friends "where she would give me oral and I would give her oral in return." Vol. 2 T. at 123. The incident sub judice was "the third time that we had actually done oral to each other." *Id.*

{¶14} The record does disclose some inconsistencies as to the actual time of Ms. Harper's texts to her boyfriend vis-à-vis the event and the final "911" call to police. Vol. 2 T. at 20-24.

{¶15} Ms. Harper's neighbor and the responding officer testified to Ms. Harper's high emotional state, upset, crying, and yelling she had been raped. Vol. 1 T. at 192-

193; Vol. 2 T. at 54-55. Neither the neighbor nor the responding officer or the investigating detective observed any marks on Ms. Harper. Vol. 1 T. at 196-197; Vol. 2 T. at 59, 62, 64, 107.

{¶16} Ms. Harper testified she had cut marks on her neck and had taken photographs of herself when she was at the hospital. Vol. 1 T. at 219; Vol. 2 T at 9; State's Exhibits 6A and B. The S.A.N.E. nurse at Aultman Hospital documented some scratches on Ms. Harper's neck, upper right arm, and right hand, but did not take any photographs. Vol. 1 T at 179; Vol. 2 T. at 9.

{¶17} As is generally the case, a rape is a question of "Whom do you trust?" We find there was sufficient corroborating evidence to substantiate Ms. Harper's version.

{¶18} Upon review, we find sufficient evidence, if believed, to support the conviction, and find no manifest miscarriage of justice.

{¶19} Assignment of Error I is denied.

II

{¶20} Appellant claims a review of the record will reveal other errors, citing *Anders v. California,* 386 U.S. 738 (1966). We disagree.

{¶21} From our review, we find defense counsel was effective. He adequately cross-examined Ms. Harper as to the timing of the event vis-à-vis her texts to her boyfriend and her "911" call, her telephone call to appellant later in the evening, and her "cutting" problem. Vol. 2 T. at 20-27, 31. He cross-examined the responding officer (via his police supplement) and the investigating detective on the lack of marks on Ms. Harper and the lack of any police photographs of her. Vol. 2 T. at 64-65, 107-108; Defendant's Exhibit B. Also, defense counsel made a motion for acquittal pursuant to

Crim.R. 29. Vol. 2 T. at 120, 149. Further, most of the objections made by the state were resolved in appellant's favor.

{¶22} Upon review, we fail to find any evidence of procedural errors, and do not find any deficiencies in defense counsel's representation.

{¶23} Assignment of Error II is denied.

{¶24} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Delaney, J. concur.

SGF/sg 1114